PAUL ALSTON           1126
ERIKA L. AMATORE   8580

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawaiʻi 96813-3689
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
paul.alston@dentons.com
erika.amatore@dentons.com

Attorneys for Defendant
CAPTURE DIAGNOSTICS HIB01, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MAUI PHARMACY SOLUTIONS LLC, dba MAULIOLA PHARMACY,<br><br>Plaintiff,<br><br>vs.<br><br>CAPTURE DIAGNOSTICS HIB01, LLC; JOHN DOES 1-5; DOE PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE ENTITIES 1-5; and DOE GOVERNMENTAL UNITS 1-5,<br><br>Defendants. | Civil No. 23-CV-00039-JAO-WRP<br><br>**DEFENDANT CAPTURE DIAGNOSTICS HIB01, LLC'S ANSWER TO COMPLAINT (DKT. 1-2) FILED DECEMBER 30, 2022** |

**DEFENDANT CAPTURE DIAGNOSTICS HIB01, LLC'S
ANSWER TO COMPLAINT (DKT. 1-2) FILED DECEMBER 30, 2022**

Defendant CAPTURE DIAGNOSTICS HIB01, LLC ("Defendant" or "Capture") answers the complaint of MAUI PHARMACY SOLUTIONS LLC, dba

MAULIOLA PHARMACY ("Plaintiff") (Dkt. 1-2) filed on December 30, 2022, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant admits it is a Delaware limited liability company with an office in the City and County of Honolulu, State of Hawaiʻi, but denies its principal place of business is in Honolulu, Hawaiʻi.

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, and it therefore denies them.

4. Paragraph 4 states a legal conclusion to which no response is required; since this action was removed to federal court, this allegation is moot.

5. Paragraph 5 states a legal conclusion to which no response is required; since this action was removed to federal court, this allegation is moot.

## FACTS

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6, and it therefore denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7, and it therefore denies them.

8. In response to paragraph 8, Defendant admits Geopolicy Development Group LLC ("Geopolicy") provided certain information regarding Plaintiff to

Defendant on or about July 28, 2021. Defendant denies any remaining allegations in paragraph 8.

    9.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and it therefore denies them.

    10.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10, and it therefore denies them.

    11.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and it therefore denies them.

    12.    In response to paragraph 12, Plaintiff admits an employee emailed Plaintiff on August 12, 2021, stating that she and another employee would visit Plaintiff's pharmacy the following day and would be available for training. That email speaks for itself, and Defendant denies any allegations in paragraph 12 that are inconsistent with it.

    13.    Defendant admits the allegations in paragraph 13.

    14.    In response to paragraph 14, Defendant admits it sent 800 VTMN test kits to Plaintiff, at 95 Mahalani Street, Room 10, Wailuku, Hawaii 96793, on or about August 6, 2021. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14, and it therefore denies them.

15. In response to paragraph 15, Defendant admits that on or about August 9, 2021, Plaintiff began reporting information regarding testing. Defendant denies any remaining allegations as they pertain to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to Plaintiff or Geopolicy, and it therefore denies them.

16. In response to paragraph 16, Defendant admits it sent additional Covid-19 test kits to Plaintiff in August 2021, and that Plaintiff reported test results. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 16, and it therefore denies them.

17. In response to paragraph 17, Defendant admits that one of its employees sent an email indicating that, among other things, an online portal would become available in the future for the purposes of reimbursing claims. That email speaks for itself, and Defendant denies any allegations that are inconsistent with it. Defendant denies any remaining allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. In response to paragraph 19, Defendant admits that Plaintiff correctly directed requests for payment to Defendant's controller. Defendant lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations, and it therefore denies them.

20. In response to paragraph 20, Defendant affirmatively states that, in response to an email from Plaintiff transmitting certain pharmacy operating expenses (and not payroll expenses, which were separated), Defendant's controller requested routing and account numbers for the purpose of reimbursing the expenses. Those emails speak for themselves. Defendant denies any remaining or inconsistent allegations in paragraph 20.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and it therefore denies them.

22. In response to paragraph 22, Defendant affirmatively states that on or about September 9, 2021, it entered into two agreements with Plaintiff: (a) for the provision of community COVID-19 testing; and (b) for public school COVID-19 testing. Defendant further affirmatively states that arrangements for such testing were made in cooperation with the State Department of Health and the State Department of Education, respectively. Defendant admits a Geopolicy employee transmitted these two agreements via email to Plaintiff. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 22, and it therefore denies them.

23. In response to paragraph 23, Defendant affirmatively states that on or about September 9, 2021, Defendant received copies of the agreements signed by Plaintiff, and that a Geopolicy employee transmitted the agreements via email to

Defendant. Defendant denies any remaining or inconsistent allegations in paragraph 23.

24. In response to paragraph 24, Defendant admits that on or about September 9, 2021, it countersigned the agreements and transmitted them directly to Plaintiff. Defendant denies any remaining or inconsistent allegations in paragraph 24.

25. In response to paragraph 25, Defendant affirmatively states that on September 19, 2021 Defendant's controller requested, by email: (a) receipts for expenses for which Plaintiff had requested reimbursement, and (b) additional information regarding Plaintiff's employees. Defendant further states that in response to this request, on September 20, 2021, Plaintiff sent via email copies of receipts and additional employee information to Defendant's controller. Defendant denies any remaining or inconsistent allegations in paragraph 25.

26. In response to paragraph 26, Defendant responds consistent with its response to paragraph 25. The emails and agreements referenced speak for themselves. To the extent paragraph 26 states legal conclusions, Defendant is not required to respond. Defendant denies all remaining allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28, and it therefore denies them.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29, and it therefore denies them.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and it therefore denies them.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31, and it therefore denies them.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32, and it therefore denies them.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33, and it therefore denies them.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, and it therefore denies them.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35, and it therefore denies them.

36. In response to paragraph 36, Defendant affirmatively states that on October 13, 2021, Plaintiff and Geopolicy appear to have exchanged emails in which Geopolicy requested bank account and routing numbers, and Plaintiff provided the same. Those emails speak for themselves, and Defendant denies any remaining or inconsistent allegations in paragraph 36.

37. In response to paragraph 37, Defendant affirmatively states that on October 13, 2021, its controller informed Plaintiff by email that a wire transfer had been sent in the amount of $145,204.67, and that email speaks for itself. Defendant denies any remaining or inconsistent allegations in paragraph 37.

38. Defendant admits the allegations in paragraph 38.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, and it therefore denies them.

40. In response to the allegations in paragraph 40, Defendant affirmatively states that on October 21, 2021, Delores Cook sent forms and instructions for reimbursement via email to participating pharmacies, and that email speaks for itself. Defendant denies any allegations inconsistent with the contents of that email. Defendant lacks sufficient knowledge or information to form a belief as to any remaining allegations in paragraph 40, and it therefore denies them.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and it therefore denies them.

42. In response to the allegations in paragraph 42, Defendant affirmatively states that on October 25, 2021, Delores Cook sent an email attaching an "approved format" for gathering data for in-school Covid testing, and that email speaks for itself. Defendant denies any allegations inconsistent with the contents of that email.

Defendant lacks sufficient knowledge or information to form a belief as to any remaining allegations in paragraph 42, and it therefore denies them.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and it therefore denies them.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and it therefore denies them.

45. In response to paragraph 45, Defendant admits payment for September community testing was not made in October 2021, and affirmatively states that payment was made on December 1, 2021. Defendant denies any remaining or inconsistent allegations in paragraph 45.

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and it therefore denies them.

47. Defendant admits the allegations in paragraph 47.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48, and it therefore denies them.

49. In response to paragraph 49, Defendants admit payment for September and October 2021 community testing was not made in November 2021, and affirmatively states that payment was made on December 1, 2021 and December 17, 2021. Defendant denies any remaining or inconsistent allegations in paragraph 49.

50. In response to paragraph 50, Defendant admits payment for October 2021 school testing was not made in November 2021, and affirmatively states that payment was made on December 17, 2021. Defendant denies any remaining or inconsistent allegations in paragraph 50.

51. In response to paragraph 51, Defendant affirmatively states that on December 1, 2021, Defendant's controller informed Plaintiff via email that a wire transfer had been sent to Plaintiff in the amount of $255,930.00 for September community testing, and that the amount was calculated by adding: (1) $113,850.00, which represented 4,554 tests completed at $25 per test, and (2) $112,080.00, which represented 1,680 labor hours. Defendant denies any remaining or inconsistent allegations in paragraph 51.

52. Defendant responds to paragraph 52 consistent with its response to paragraph 51, and denies any remaining or inconsistent allegations.

53. In response to paragraph 53, Defendant affirmatively states that there were always two separate testing platforms for school testing and community testing, and that this was the reason two separate contracts existed. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53, and it therefore denies them.

54. Defendant admits the allegations in paragraph 54.

55. Defendant lacks knowledge or information necessary to form a belief as to the truth of the allegations in paragraph 55, and it therefore denies them.

56. In response to paragraph 56, Defendant affirmatively states that it did not enter into any amendment concerning the agreement for Covid-19 community testing. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 56, and it therefore denies them.

57. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57, and it therefore denies them.

58. Defendant responds to paragraph 58 consistent with its response to paragraph 56, and denies any remaining allegations in paragraph 58.

59. In response to paragraph 59, Defendant admits that on December 17, 2021, it paid Plaintiff $204,577.50 for "the October DOH testing," and affirmatively states that it informed Plaintiff that: "The combined amount due for October (including the prior period revisions) came to $204,577.50." Defendant denies it did not tell Plaintiff whether the payment was for services performed in October or November or both. Defendant denies any remaining or inconsistent allegations in paragraph 59.

60. Defendant admits the allegations in paragraph 60.

61. In response to paragraph 61, Defendant admits that Plaintiff stopped providing testing under the community and school testing programs funded by the

DOH and DOE, on or before December 29, 2021. Defendant denies any remaining allegations in paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and it therefore denies them.

63. Defendant denies the allegations in paragraph 63.

64. Defendant admits it did not pay Plaintiff for community testing allegedly conducted after October 23, 2021. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff rendered services after October 23, 2021 that were eligible for repayment.

65. Defendant admits it did not pay Plaintiff for school testing allegedly conducted in October, November, and December 2021. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff rendered services after October 23, 2021 that were eligible for repayment.

66. In response to paragraph 66, Defendant admits Plaintiff demanded payment for services allegedly performed. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff rendered services that were eligible for repayment.

67. Defendant admits Plaintiff demanded payment, but lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff rendered services that were eligible for repayment.

## COUNT I

### (COVID-19 community testing program)

68. In response to paragraph 68, Defendant incorporates its responses to paragraphs 1 through 67.

69. The terms of the referenced agreement speak for themselves, and Defendant denies any allegations inconsistent therewith. To the extent paragraph 69 states legal conclusions, Defendant is not required to respond. Defendant denies any remaining allegations.

70. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 70, and it therefore denies them.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

## COUNT II

### (COVID-19 school testing program)

76. In response to paragraph 76, Defendant incorporates its responses to paragraphs 1 through 76.

15812132\000001\123199575

77. The terms of the referenced agreement speak for themselves, and Defendant denies any allegations inconsistent therewith. To the extent that paragraph 77 contains legal conclusions, Defendant is not required to respond. To the extent paragraph 77 contains any remaining factual allegations, Defendants denies those allegations.

78. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78, and it therefore denies them.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. All allegations not expressly admitted are denied.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following defenses without admitting or conceding that they are affirmative defenses for which they carry the burden of proof, and without waiving or conceding any argument that Plaintiff must satisfy its burdens of proof under applicable law. Defendant reserves the right to assert any additional defenses to the extent permitted by applicable law as and when discovery and/or further investigation show that such defenses are applicable.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred for failure to perform a condition precedent.

## THIRD DEFENSE

Plaintiff's claims are barred by anticipatory breach, repudiation, and/or prior material breach.

## FOURTH DEFENSE

Plaintiff is barred from maintaining this action by reason of its own negligence, fraud, or other wrongful conduct.

## FIFTH DEFENSE

Plaintiff's alleged loss, damage, injury, harm, or expense, if any, were caused in whole or in part by Plaintiff's failure to exercise reasonable care and diligence to mitigate the alleged damages.

## SIXTH DEFENSE

Plaintiff failed to join indispensable parties.

## SEVENTH DEFENSE

To the extent that Plaintiff requests attorneys' fees, such request is improper, wholly or in part, under applicable law.

## EIGHTH DEFENSE

Defendant relies upon all defenses contained in any applicable state statute or law.

## NINTH DEFENSE

Plaintiff's claims are barred or limited due to lack of meeting of the minds, mistake, knowledge, estoppel, waiver and laches, unconscionability, performance/substantial performance, failure to mitigate, and unclean hands.

## TENTH DEFENSE

As stated above, Defendant intends to rely upon any other defense that may become available or appear during the discovery proceedings in the case and hereby reserves the right to amend this Answer to assert any such defense. Defendant also reserves the right to assert other and related defenses as may become available upon a determination of the law applicable to the action or any part thereof or claim therein.

WHEREFORE, Defendant Capture Diagnostics HIB01, LLC prays that Plaintiff's claims be dismissed, with Plaintiff taking nothing and Defendant recovering its attorneys' fees, costs, and such other relief as the Court deems just.

DATED: Honolulu, Hawaiʻi, February 14, 2023.

    /s/ Erika L. Amatore
PAUL ALSTON
ERIKA L. AMATORE
Attorneys for Defendant
CAPTURE DIAGNOSTICS HIB01, LLC

15812132\000001\123199575